# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MATTHEW ALDER, ET AL.,

                Plaintiffs,                Case Number: 07-CV-11259

v.                                            HONORABLE DENISE PAGE HOOD

PATRICIA CARUSO, ET AL.,

                Defendants.
_____/

## ORDER (1) REVOKING ORDER OF REFERENCE, (2) AMENDING ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS, AND (3) SUMMARILY DISMISSING COMPLAINT

Plaintiffs Matthew Alder, Earl Jack Fox, and Ronald Bohn, state prisoners currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan, have filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs are proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiffs' complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiffs fail to state a claim upon which relief may be granted.

As an initial matter, on March 29, 2007, the Court issued an Order of Reference to United

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

States Magistrate Judge R. Steven Whalen. The Court hereby revokes that Order.

**I.**

Plaintiffs allegations arise out of a Michigan Department of Corrections policy which prohibits smoking in all prisoner living units. Plaintiffs allege that this policy violates their rights to due process, their protected property in tobacco-related goods, and their Fourth Amendment right to be free from unreasonable search and seizure.

Prisoners possess no constitutional right to smoke. Ballard v. City of Inkster, 1992 WL 301278, *1 (6th Cir. 1992). Denial of smoking privileges is "an ordinary incident of prison life that [does] not impose an atypical and significant hardship" on a prisoner sufficient to implicate the due process clause. Jones v. Toombs, 1996 WL 67750, *1 (6th Cir. 1996). Accordingly, Plaintiffs' claims that their rights to due process have been violated fail to state a claim upon which relief may be granted.

Plaintiffs next claim that their Fourth Amendment right to be free from an illegal search and seizure was violated when tobacco-related products were confiscated from their cells. Prisoners have no reasonable expectation of privacy in their prison cells. Hudson v. Palmer, 468 U.S. 517, 526 (1984). Because a prison inmate has no legitimate expectation of privacy, he has no constitutional claim for an illegal search and seizure. Id. at 528.

Finally, to the extent that Plaintiffs allege they were unlawfully deprived of their property without due process of law, the negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 533-36 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). In order to maintain a §1983 action "claiming the deprivation of a property interest without procedural due

process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983). Plaintiffs have not alleged or shown that Michigan's judicial remedies are inadequate. The fact that state courts may have denied their claims does not render the state court remedies inadequate.

## II.

On April 3, 2007, the Court issued an Order Granting Plaintiffs' Applications to Proceed Without Prepayment of Fees and Costs, holding each Plaintiff responsible for their proportionate share of the $350.00 filing fee. The Court held that each Plaintiff is equally and separately liable for the proportional total sum of $116.66. However, that would amount to a total payment of $349.98, two cents short of the filing fee. All three Plaintiffs cannot be responsible for the same proportionate share as that results in a total payment that is either less or more than the total filing fee. Therefore, the Court amends the Order Granting Plaintiffs' Application to Proceed Without Prepayment of Fees and Costs to require that two Plaintiffs be liable for the sum of $116.67, and one Plaintiff be liable for the sum of $116.66. The Court randomly determines that Matthew Alder and Earl Jack Fox shall each be responsible for payment of $116.67, and Ronald Bohn shall be responsible for payment of $116.66.

## III.

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), the Court **ORDERS** Plaintiffs' complaint **DISMISSED**.

**IT IS FURTHER ORDERED** that the Order of Reference to United States Magistrate Judge is **REVOKED**.

**IT IS FURTHER ORDERED** that the Order Granting Plaintiffs' Applications to

Proceed Without Prepayment of Fees and Costs is amended to require Plaintiffs Matthew Alder and Earl Jack Fox to pay $116.67 toward the $350.00 filing fee, and Ronald Bohn to pay $116.66 toward the filing fee, to be deducted from each Plaintiffs' prisoner account in the manner described in the Court's Order Granting Plaintiffs' Applications to Proceed Without Prepayment of Fees and Costs.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATE: August 16, 2007

I hereby certify that a copy of the foregoing document was served upon:

Matthew Alder, Reg. No. 246180
Straits Correctional Facility
4387 West M-80
Kincheloe, MI 49785

Earl Fox, Reg. No. 186932
Southern Michigan Correctional Facility
4002 Cooper St.
Jackson, MI 49201

Ronald Bohn, Reg. No. 116080
Southern Michigan Correctional Facility
4002 Cooper St.
Jackson, MI 49201

on August 16, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager